UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMARON L. WALKER, | No. 2:24-cv-02345 SCR P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the undersigned are plaintiff's complaint for screening (ECF No. 1) and application to proceed in forma pauperis (ECF No. 2). For the reasons set forth below, plaintiff's in forma pauperis application is granted. Moreover, the undersigned finds that plaintiff's complaint states a cognizable Eighth Amendment excessive force claim against defendants Cofer, Banish, and Jones, but no other cognizable claims. Plaintiff will be given the option of proceeding on his cognizable claims or filing an amended complaint.

**REQUEST TO PROCEED IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. This means that plaintiff is allowed to pay the

1  $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather
2  than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to
3  remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A
4  separate order directed to CDCR requires monthly payments of twenty percent of the prior
5  month's income to be taken from plaintiff's trust account. These payments will be taken until the
6  $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## STATUTORY SCREENING OF PRISONER COMPLAINTS

8  The court is required to screen complaints brought by prisoners seeking relief against "a
9  governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In
10 performing this screening function, the court must dismiss any claim that "(1) is frivolous,
11 malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief
12 from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous
13 when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325
14 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless
15 legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical
16 inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and
17 factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).
18 In order to avoid dismissal for failure to state a claim a complaint must contain more than
19 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
20 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
21 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
22 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the
23 court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial
24 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
25 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When
26 considering whether a complaint states a claim, the court must accept the allegations as true,
27 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
28 favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**LEGAL STANDARDS**

### I.   42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### II.   Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

### III.   Eighth Amendment Excessive Force

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which, in excessive force cases, has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The Ninth Circuit applies a five-factor test to determine whether the use of force was malicious and sadistic: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used;

(4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." Hughes v. Rodriguez, 31 F.4th 1211, 1221 (9th Cir. 2022) (citation omitted).

## PLAINTIFF'S COMPLAINT

### I.     Factual Allegations

Plaintiff's complaint alleges a single Eighth Amendment excessive force claim against five defendants: (1) Jeff Lynch, Warden; (2) Correctional Officer ("C/O") Banish; (3) C/O Jones; (4) C/O Cofer; and (5) Correctional Sergeant Elizarraras. (ECF No. 1 at 3-4.) Plaintiff alleges the excessive force took place on July 3, 2024, at California State Prison-Sacramento, New Folsom. (Id. at 5.) Plaintiff had compatibility issues with a cellmate as he was escorted from R&R by defendants C/O Cofer and C/O Jones to housing B-5 Cell #113 in handcuffs. Plaintiff spoke with Sergeant Elizarraras, who responded by intimidating plaintiff by sending an extra officer to make sure plaintiff got inside the cell. (Id.)

Returning to front of Cell #113, C/O Jones nudged plaintiff forward. Plaintiff then took a step back and was attacked by all three officers. Defendant C/O Cofer pushed and pulled plaintiff on one side and defendant C/O Banish punched plaintiff on the back of his neck, forcing plaintiff face first into the wall. (ECF No. 1 at 4.) Defendant C/O Jones grabbed both of plaintiff's legs from behind, making plaintiff fall headfirst to the ground. Plaintiff was knocked unconscious, suffering a swollen head and a gash to the left side of the brain. (Id.) All of this happened under the direct authority of Warden J. Lynch. (Id.) Plaintiff adds that he is a patient of mental health services EOP. (Id.) Plaintiff seeks $90,000 in damages for pain and suffering. (Id. at 8.)

### II.     Discussion

The undersigned finds that plaintiff's complaint states a cognizable Eighth Amendment excessive force claim against the three C/Os involved in the use of the force incident – defendants Cofer, Banish, and Jones. As alleged, Cofer, Banish, and Jones attacked plaintiff when he "took a step back" after defendant Jones nudged him forward towards his cell. Even assuming plaintiff's step back was noncompliant with defendant Jones' instruction, it did not present the type of immediate disciplinary need that would warrant the amount of force the defendants used in

response. The extent of plaintiff's injuries, including being knocked unconscious, also supports a finding that the alleged force was sadistic and malicious. Moreover, for linkage purposes, plaintiff has alleged facts connecting each of the three C/O defendant's specific use of force to his injuries. Accordingly, plaintiff's complaint states a cognizable Eighth Amendment excessive force claim against defendants Cofer, Banish, and Jones.

Plaintiff, however, has not pled adequate facts to link defendant Elizarraras to the alleged unconstitutional use of force. The complaint alleges only that defendant Elizarraras sent another officer to intimidate plaintiff and make sure he returned to his cell. Plaintiff appears to be suggesting that defendant Elizarraras was somehow involved, but the complaint does not contain any facts to support a finding that Elizarraras participated in the alleged attack or otherwise "set in motion a series of acts by others" that defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." See Starr, 652 F.3d at 1207-08.

Finally, the complaint does not state a claim against defendant Lynch, the facility's Warden. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under § 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, the complaint states only that the alleged attack "happen[ed] under the direct authority of Warden J. Lynch." (ECF No. 1 at 5.) Plaintiff offers no other factual support for defendant Lynch's involvement in the alleged use of force. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand [dismissal]." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Therefore, the complaint does not state an excessive force claim against J. Lynch.

### III.   Options From Which Plaintiff Must Choose

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid Eighth Amendment excessive force claim against defendants Cofer, Banish, and Jones. However, the allegations in the complaint are not sufficient to state a cognizable excessive force claim against either defendant Elizarraras or defendant Lynch.

It is conceivable that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order:

**Option 1:** The first option available to plaintiff is to proceed immediately against defendants Cofer, Banish and Jones on the Eighth Amendment excessive force claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendants Elizarraras and Lynch. The court will proceed to immediately serve the complaint and order a response from defendants Cofer, Banish, and Jones.

**Option 2:** The second option available to plaintiff is to file an amended complaint to fix the problems described above regarding defendants Elizarraras and Lynch. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

/////
/////
/////
/////

# CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's concurrently filed order to the appropriate agency.

3. Plaintiff's claims against defendants Elizarraras and Lynch do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his cognizable Eighth Amendment excessive force claim against defendants Cofer, Banish, and Jones, as set forth above, or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Elizarraras and Lynch.

DATED: May 21, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMARON L. WALKER,<br><br>            Plaintiff,<br><br>      v.<br><br>JEFF LYNCH, et al.,<br><br>            Defendants. | No.  2:24-cv-02345 SCR P<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claims against defendants Cofer, Banish, and Jones without amending the complaint.  Plaintiff understands that by choosing this option, defendants Elizarraras and Lynch will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____

                                                               Kamaron L. Walker
Plaintiff pro se

1